UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH EDWARD FRANCIS LUNZ,

                Plaintiff,

           -against-

DONALD JOSEPH TRUMPH, FORMER PRESIDENT OF THE UNITED STATES OF AMERICA,

                Defendants.

21-CV-4902 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. By order dated June 4, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings his claims using the Court's general complaint form. He checks the box on the form to invoke the Court's federal question jurisdiction, and in response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Plaintiff's mother was a roman-catholic-believer, and plaintiff went to 'saint Sebastian school,' took his 'first communion,' and had his 'confirmation', in violation of the first amendment 'freedom of religion' clause." (ECF 2, at 2.) Plaintiff writes that his claim arose on May 12, 1946. (*Id.* at 4.)

The "facts" section of the complaint form is handwritten and difficult to read, but appears to allege the following:

> Approximately 2-3 years ago, the ancient-jews (Israeli) took it upon themselves to decide about how to stop their neighbor from attacking them, for a wide variety of reasons. And lyingly [illegible] a plan to make "themselves" superior to all other people by stealing the "history" of other people and making making [sic] it for themselves. And it had worked so good that they had kept it for themselves, and it had worked so good, that they kept it for themselves. [sic] And a "way of life" for themselves and eventually made a "religion" for themselves. This "religion" ("confidence game") is still with us in the form of "popes, cardinal, bishops, priest, and nuns (cathedrals, churches, schools, universities – colleges, etc.["]

(*Id.*)

A footnote to the last sentence states:

> Please see the affidavit in support of petition to recuse the assistant Justice Ruth Bader Ginsburg from ruling upon the Petition for a Writ of Certiorari to the United States Supreme Court, submitted on April 20, 2015, in Lunz v. O'Meara,

>  minus the diseases that the jews have had subjected the non-jews too [sic], 15-1511."

(*Id.*) (quotation marks omitted) ("[sic]" in original). Plaintiff appears to be referring to one of his previous actions, which the United States District Court for the Northern District of New York dismissed for failure to state a claim. *See Lunz v. O'Meara*, No. 9:13-CV-1085 (N.D.N.Y. Oct. 7, 2014), *appeal dismissed as frivolous*, No. 14-3756 (2d Cir. Feb. 11, 2015), *cert. denied*, No. 15-5111 (Oct. 5, 2015), *rehearing denied* (Nov. 16, 2015).

Plaintiff describes his injuries as the following: "As a young-child plaintiff was terrified of the violence of the jews but it [illegible] plaintiff a [illegible] of 53 years, 10 months, and [illegible] to learn different." (*Id.* at 5.)

Finally, in the section of the form to describe the relief he is seeking, Plaintiff writes, "Plaintiff will light [sic] to see all jews from running for 'public office' and Government." (*Id.* at 5.) He also seeks $100 billion in damages "for himself, and, the [illegible] does not want any problems or trouble with anybody." (*Id.*)

He sues former United States President Donald "Joseph Trumph," who the Court understands to be former President Donald John Trump.

## DISCUSSION

Plaintiff's complaint, when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, fails to allege any facts suggesting that Plaintiff has a plausible legal claim. Plaintiff has not cited, nor can the Court identify, any legal basis for Plaintiff's claims for injunctive relief and damages against a former President of the United States. Moreover, Plaintiff's factual allegations rise to the level of the irrational. *See Denton*, 504 U.S. at 33. The Court therefore dismisses Plaintiff's complaint as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 15, 2021
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge